In the Matter of the Application of ALBERT R. LATHAM, Petitioner, for a Peremptory Order of Mandamus against JOSEPH R. BROPHY, as Warden of Auburn Prison, and Others, Constituting the Auburn Prison Commutation Board, and EDWARD P. MULROONEY, as Commissioner of Correction of the State of New York, Defendants.

Supreme Court, Special Term, Broome County, March 1, 1937.

*J. T. & C. G. Gardner*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Edward T. Boyle, Assistant Attorney-General*, of counsel], for the defendants.

PERSONIUS, J.   The petitioner is incarcerated in Auburn State Prison.  On June 3, 1922, he was convicted of the crime of murder second degree, and sentenced for a term of not less than twenty years

nor more than life. He was received in Auburn State Prison June 6, 1922. At that time he was entitled to credit for two months and twenty-six days " jail time."

During his imprisonment, the petitioner forfeited one year and ten days for escape. He was absent two days.

The defendants argue that chapter 773 of the Laws of 1936 controls.

The petitioner argues that section 230 of the Correction Law, as amended by chapter 902 of the Laws of 1935, controls. If that section applies, it must be considered as it stood *before* the 1935 amendment. Section 16 of that amendment provides that it shall not apply to a crime theretofore committed and, further, that the provisions of law *prior* to that amendment continue to apply to persons who committed crimes prior thereto.

Section 230 of the Correction Law (Laws of 1929, chap. 243) permitted a prisoner to " earn *in each period of thirty days* * * * in reduction of the minimum term * * * as compensation * * * not to exceed ten days in any such thirty day period." (Italics ours.) Under this section, when a prisoner *served* thirty days he might be credited with an additional ten days, or a total of forty days. In other words, his compensation might equal twenty-five per cent of the total. The petitioner's rights under this section were preserved to him by succeeding amendments down to and including chapter 731 of the Laws of 1934, and by said section 16 of chapter 902 of the Laws of 1935. After deducting his " jail time," the petitioner's minimum sentence was nineteen years, nine months and four days. His total credit under the 1929 statute would, therefore, be less than five years.

However, as to the petitioner, chapter 773 of the Laws of 1936, effective May 28, 1936, superseded section 230 of the Correction Law. It provides: " *Any prisoner* received in a State prison * * * prior to the first day of July, 1926 * * * under an indeterminate sentence may receive * * * such an additional amount of compensation as will make the total allowable to him not to exceed *ten days for each month of his minimum term*." (Italics ours.) Under this chapter, the credit is not upon the *time served* but upon the *minimum term*. On his minimum term, the petitioner might earn a credit of about six years, seven months and one day. This would make him eligible for release about August 10, 1935.

The petitioner is entitled to this credit (Laws of 1936, chap. 773) but, of course, he cannot be credited therewith before the statute took effect, viz., May 28, 1936. It would seem to follow that the petitioner's release day must be postponed until that date. The petitioner having forfeited one year and ten days for his escape, his release must be further postponed until about June 8, 1937.

Petition denied. Submit order accordingly.